IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC.<br><br>Plaintiffs,<br><br>v.<br><br>VIEWSONIC CORPORATION,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia"), for their Complaint against Defendant Viewsonic Corporation ("Viewsonic") hereby allege as follows:

### The Parties

1. Plaintiff Nokia Corporation is a company organized under the laws of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo, Finland.

2. Plaintiff Nokia Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California. Nokia Inc. is a wholly-owned subsidiary of Nokia Corporation.

3. Defendant Viewsonic Corporation is corporation organized and existing under the laws of Delaware with its principal place of business at 381 Brea Canyon Road, Walnut, California 91789.

### Nature Of The Action

4. This is a civil action for infringement of two United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### Jurisdiction And Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because Viewsonic resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

### The Patents-In-Suit

7. United States Patent No. 5,895,884 ("the '884 patent"), entitled "Shielding Device With Push Fit Lid," was duly and legally issued by the United States Patent and Trademark Office on April 20, 1999. A copy of the '884 patent is attached hereto as Exhibit A.

8. United States Patent No. 6,882,870 ("the '870 patent"), entitled "Personal Mobile Communications Device Having Multiple Units," was duly and legally issued by the United States Patent and Trademark Office on April 19, 2005. A copy of the '870 patent is attached hereto as Exhibit B.

9. Nokia Corporation is the assignee of the '884 patent and '870 patent. Nokia Inc. is the exclusive licensee of the '884 patent and '870 patent.

10. Nokia has the right to bring this suit to recover damages for any current, future, or past infringement of each of the patents-in-suit.

### COUNT I

#### Infringement Of The '884 Patent

11. Paragraphs 1 through 10 are incorporated by reference as if fully stated herein.

12. The '884 patent is valid and enforceable.

13. Viewsonic has infringed, and continues to infringe, one or more claims of the '884 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing tablet computers, including but not limited to the Viewsonic ViewPad 7.

14. Third parties, including Viewsonic's customers, have infringed, and continue to infringe, one or more claims of the '884 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States tablet computers supplied by Viewsonic ViewPad 7.

15. Viewsonic has had knowledge of and notice of the '884 patent and its infringement at least since the filing of this complaint. Viewsonic also has had knowledge of and notice of the '884 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to Viewsonic on May 2, 2012 concerning the '884 patent and its infringement.

16. Viewsonic has induced infringement, and continues to induce infringement, of one or more claims of the '884 patent under 35 U.S.C. § 271(b). Viewsonic actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '884 patent by selling or otherwise supplying tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import, the tablet computers supplied by Viewsonic to infringe the '884 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the tablet computers and/or the creation and dissemination of promotional and marketing materials,

supporting materials, instructions, product manuals, and/or technical information related to the tablet computers.

17. Viewsonic has contributed to the infringement by third parties, including Viewsonic's customers, and continues to contribute to infringement by third parties, of one or more claims of the '884 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, tablet computers, knowing that those products constitute a material part of the inventions of the '884 patent, knowing that those products are especially made or adapted to infringe the '884 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

18. Nokia has been and continues to be damaged by Viewsonic's infringement of the '884 patent.

19. Nokia has been irreparably harmed by Viewsonic's infringement of the '884 patent. Unless and until Viewsonic's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

20. Viewsonic's conduct in infringing the '884 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '870 Patent

21. Paragraphs 1 through 20 are incorporated by reference as if fully stated herein.

22. The '870 patent is valid and enforceable.

23. Viewsonic has infringed, and continues to infringe, one or more claims of the '870 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the

United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing tablet computers, including but not limited to the Viewsonic ViewPad 7.

24. Third parties, including Viewsonic's customers, have infringed, and continue to infringe, one or more claims of the '870 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States tablet computers supplied by Viewsonic, including the Viewsonic ViewPad 7.

25. Viewsonic has had knowledge of and notice of the '870 patent and its infringement at least since the filing of this complaint. Viewsonic also has had knowledge of and notice of the '870 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to Viewsonic on May 2, 2012 concerning the '870 patent and its infringement.

26. Viewsonic has induced infringement, and continues to induce infringement, of one or more claims of the '870 patent under 35 U.S.C. § 271(b). Viewsonic actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '870 patent by selling or otherwise supplying tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import, the tablet computers supplied by Viewsonic to infringe the '870 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the tablet computers.

27. Viewsonic has contributed to the infringement by third parties, including Viewsonic's customers, and continues to contribute to infringement by third parties, of one or more claims of the '870 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, tablet computers, knowing that those products constitute a material part of the inventions of the '870 patent, knowing that those products are especially made or adapted to infringe the '870 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

28. Nokia has been and continues to be damaged by Viewsonic's infringement of the '870 patent.

29. Nokia has been irreparably harmed by Viewsonic's infringement of the '870 patent. Unless and until Viewsonic's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

30. Viewsonic's conduct in infringing the '870 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Prayer For Relief

WHEREFORE, Nokia prays for judgment as follows:

A. That Viewsonic has infringed each of the patents-in-suit;

B. That this Court permanently enjoin Viewsonic, its subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering for sale, selling, importing, or advertising products and/or services and/or employing systems, hardware,

software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit;

    C.    That Nokia be awarded all damages adequate to compensate it for Viewsonic's infringement of the patents-in-suit, such damages to be determined by a jury and, if necessary to adequately compensate Nokia for the infringement, an accounting, and that such damages be awarded to Nokia with pre-judgment and post-judgment interest;

    D.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Nokia be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

    E.    That Nokia be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Nokia hereby demands a trial by jury on all issues so triable.

Dated: May 2, 2012                                         FARNAN LLP

                                                                      /s/ Joseph J. Farnan, Jr.
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiffs*
*Nokia Corporation and Nokia Inc.*

*Of Counsel:*

DESMARAIS LLP
John M. Desmarais
Alan S. Kellman
Jason Berrebi
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)


ALSTON & BIRD LLP
Patrick J. Flinn
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7920 (Telephone)
(404) 253-8370 (Facsimile)

ALSTON & BIRD LLP
Michael J. Newton
2828 North Harwood Street, 18th Floor
Dallas, TX 75201
(214) 922-3423 (Telephone)
(214) 922-3863 (Facsimile)